**UNITED STATES of America,**
**Appellee,**

v.

**Marvin SMITH, Defendant–Appellant.**

No. 08–3826–cr.

United States Court of Appeals,
Second Circuit.

Jan. 5, 2010.

Robert J. Sullivan, Jr., Westport, CT, for Defendant–Appellant.

Michael E. Runowicz, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, Nora R. Dannehy, Acting United States Attorney, District of Connecticut, on the brief), for Appellee.

PRESENT: PIERRE N. LEVAL, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Marvin Smith appeals from an order of the United States District Court for the District of Connecticut (Nevas, *J.* ) dated July 24, 2008, which reduced Smith's sentence of imprisonment from 120 months to 99 months, in accordance with Smith's amended Sentencing Guidelines ("Guidelines") range, and denied Smith's request for a sentence below the new Guidelines range. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Smith argues on appeal that the district court erred when it denied his request for a sentence below his new Guideline range. The district court correctly denied the request. A district court "may not generally modify a term of imprisonment once it has been imposed." *United States v. McGee,* 553 F.3d 225, 225 (2d Cir.2009) (per curiam) (quoting *Cortorreal v. United States,* 486 F.3d 742, 744 (2d Cir.2007) (per curiam)). 18 U.S.C. § 3582(c)(2) does give district courts limited authority to reduce a defendant's term of imprisonment, if that term was based on a Guidelines range that since has been amended and the Sentencing Commission authorized the retroactive application through a policy statement. The district court exercised this authority in reducing Smith's Guideline range from between 108 to 135 months to between 87 to 108 months. However, Smith's argument that the district court had the authority to further reduce his sentence is foreclosed by our decision in *United States v. Savoy,* 567 F.3d 71 (2d Cir.2009) (per curiam), where we held that "district courts lack the authority when reducing a sentence pursuant to § 3582(c)(2) to reduce that sentence below the amended Guidelines range where the original sentence fell within the applicable Guidelines range." *Id.* at 74.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.